UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUFUS LANGO,

        Petitioner,

v.                                                Case Number: 09-CV-12290
                                                  Honorable Avern Cohn

BARRY DAVIS,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Rufus Lango, a state prisoner currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2004, Petitioner was convicted of (1) felony murder, MICH. COMP. LAWS § 750.316B, (2) three counts of assault with intent to rob while armed, MICH. COMP. LAWS § 750.89, (3) assault with intent to murder, MICH. COMP. LAWS § 750.83, and (4) felony firearm, MICH. COMP. LAWS § 750.227BA, in the Wayne County, Michigan, Circuit Court. He was sentenced to life in prison for the murder conviction, three eighteen- to thirty-year terms for the assault convictions, and the mandatory two years in prison for the felony-firearm conviction. Petitioner filed a prior petition in federal court challenging the same convictions and sentences, which was dismissed. *See Lango v. Lafler,* No. 06-CV-12228 (E.D. Mich. Feb. 3, 2009) (Battani, J.). For the

following reasons, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*, amended 28 U.S.C. §§ 2244, 2253, and 2254, govern habeas corpus proceedings in federal courts. Pursuant to those amendments, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has not obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED**.

        s/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: June 22, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Rufus Lango #498304 at Newberry Correctional Facility, 3001 Newberry Avenue, Newberry, MI 49868-1340 on this date, June 22, 2009, by electronic and/or ordinary mail.

                                               s/LaShawn R. Saulsberry
                                              Case Manager, (313) 234-5160

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUFUS LANGO,

        Petitioner,

v.                                        Case Number: 09-CV-12290
                                           Honorable Avern Cohn

BARRY DAVIS,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Rufus Lango, a state prisoner currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2004, Petitioner was convicted of (1) felony murder, MICH. COMP. LAWS § 750.316B, (2) three counts of assault with intent to rob while armed, MICH. COMP. LAWS § 750.89, (3) assault with intent to murder, MICH. COMP. LAWS § 750.83, and (4) felony firearm, MICH. COMP. LAWS § 750.227BA, in the Wayne County, Michigan, Circuit Court. He was sentenced to life in prison for the murder conviction, three eighteen- to thirty-year terms for the assault convictions, and the mandatory two years in prison for the felony-firearm conviction. Petitioner filed a prior petition in federal court challenging the same convictions and sentences, which was dismissed. *See Lango v. Lafler,* No. 06-CV-12228 (E.D. Mich. Feb. 3, 2009) (Battani, J.). For the

following reasons, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*, amended 28 U.S.C. §§ 2244, 2253, and 2254, govern habeas corpus proceedings in federal courts. Pursuant to those amendments, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has not obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED**.

      s/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: June 22, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Rufus Lango #498304 at Newberry Correctional Facility, 3001 Newberry Avenue, Newberry, MI 49868-1340 on this date, June 22, 2009, by electronic and/or ordinary mail.

                                             s/LaShawn R. Saulsberry
                                            Case Manager, (313) 234-5160